THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. BARR, JR., : | |
|     Plaintiff, : | |
| : | CIVIL ACTION |
| vs. : | NO. 08-CV-2529 |
| : | |
| NATIONAL RAILROAD PASSENGER : | |
| CORPORATION (AMTRAK), : | |
|     Defendant. : | |

## MEMORANDUM AND ORDER

Tucker, J.                                                                                                          October ___, 2009

Presently before this Court are Defendant's Motion to Transfer Venue (Doc. 6) and Plaintiff's Response thereto.  For the reasons set forth below, the Court will deny Defendant's Motion.

## BACKGROUND

Plaintiff filed this matter pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq*.  It is alleged that Plaintiff suffered a back injury while working for Defendant in Delaware on May 22, 2006.

Plaintiff, a resident of Middleton, DE, initiated this matter in the Philadelphia Court of Common Pleas on February 8, 2007.  The court, on motion, dismissed the action pursuant to the *forum non conveniens* doctrine for refiling in Delaware Chancery Court.  Plaintiff appealed the decision but withdrew the petition prior to completion.  Instead of re-filing in Delaware, Plaintiff brought the matter before this Court on May 30, 2008.

On May 29, 2009, Defendant filed the present pending motion to transfer venue pursuant to 28 U.S.C. § 1404(a).  Defendant alleges that the District Court for the District of Delaware is the appropriate venue for proceedings "[b]ecause the witnesses, parties and evidence involved in th[e] lawsuit are all located in Delaware," and it would be unfair to require Pennsylvania jurors to sit on the case "[b]ecause the Eastern District of Pennsylvania has no relationship to the

witnesses or the cause of action upon which this suit is based." Def. Mot. to Transfer Venue, ¶¶ 25-26.  Upon reviewing the briefs, the Court will deny the motion.

## **LEGAL STANDARD**

There are two interplaying venue statutes relevant to the present motion:

1) 45 U.S.C. § 56 – This statute governs which venues are proper in FELA actions.  Under FELA, "an action may be brought in a district court of the United States, in the district of the residence of the defendant or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action."

2) 28 U.S.C. § 1404(a) – This statute sets forth the standard for transferring cases from one venue to another.  Section 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Additionally, 45 U.S.C. § 51 provides important guidance as it is the statute under which plaintiff sues.  Section 51 provides railroad employees grounds to sue the railroad company in a venue set forth in Section 56.  The statute confers concurrent jurisdiction on both state and federal courts and 28 U.S.C. § 1445 expressly forbids removing such actions filed in state court to federal court.

    a.    **Forum Transfers Generally**

Section 1404(a) permits a district court, within its discretion, to transfer a case to another venue where the case could have been brought "for the convenience of parties and witnesses [and] in the interest of justice."  Although Section 1404 is not a codification of the *forum non conveniens* doctrine, they share a motivation to insure that cases proceed in proper venues that promote efficiency, convenience, and most importantly, justice.  The primary concern of the *forum non conveniens* doctrine is avoiding a plaintiff's "temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary . . ." In re Corel Corp., Inc., 147 F.

Supp. 2d 363, 366 (E.D. Pa. 2001).  By improperly forcing defendants to litigate in inconvenient locations, none of efficiency, convenience or justice is served.

The burden of establishing the need for transfer is on the moving party.  <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995).  Upon motion to transfer pursuant to Section 1404(a), the district court must first establish that both the current and proposed venues are proper.  Once established, courts weigh the public and private interests at play.  <u>See, e.g.</u>, <u>id.</u>; <u>Horace Mann Ins. Co. v. Nationwide Mutual Ins. Co.</u>, No. 04-CV-5978, 2005 WL 639728, at *2 (E.D. Pa. Mar. 17, 2005) (Tucker, J.).  The private interests include: (1) the plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) the convenience of the parties as indicated by their relative physical and financial condition; (4) the convenience of witnesses–but only to the extent the witnesses are unavailable for trial in one of the considered forums; and the location of books and records–also limited only to those records that could not be produced in one forum. <u>Jumara</u>, 55 F.3d at 879.  The public interests courts have considered include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty resulting from court congestion when comparing the two forums; (4) the local interest in deciding local controversies at home; (5) the public policies of the forums; and (6) the familiarity of the trial judge with applicable state law.  <u>Id.</u>

A central consideration in the present matter is the level of deference to be granted to plaintiff's forum choice.  The <u>Jumara</u> Court noted "in ruling on defendants' [transfer] motion, the plaintiff's choice of venue should not be lightly disturbed." <u>Jumara</u>, 55 F.3d at 879.  Several courts have held, however, that a plaintiff's choice gets less deference when the plaintiff does not reside in the chosen forum and the operative facts of the case are not in the plaintiff's forum

either. See, e.g., Exelon Generation Co., LLC v. Hoosier Energy Rural Elec. Coop., Inc., No. 04-CV-4592, 2005 WL 2365306, at *2 (E.D. Pa. Sept. 26, 2005) (finding notwithstanding the fact plaintiff filed in her home forum, her forum choice received less deference because operative facts occurred in a different forum); Conors v. UUU Productions, Inc., No. 03-CV-6420, 2004 WL 834726, at *6 (E.D. Pa. Mar. 15, 2004) (noting plaintiff's forum choice gets "diminished weight" when plaintiff does not reside in the forum nor did the operative facts occur in the forum); Eagle Traffic Control v. James Julian, Inc., 933 F. Supp. 1251, 1259 (E.D. Pa. 1996) (noting that plaintiff's choice of forum receives less weight when the operative facts occurred elsewhere); see also In re Corel, 147 F. Supp. 2d at 365 (noting in a 28 U.S.C. § 1406 decision to dismiss, overturning plaintiff's forum choice requires a finding that private and public factors weigh heavily on the side of dismissal).

      b.    **FELA Forum Transfers**

Prior cases applying FELA support the proposition that plaintiff's forum choice be given substantial weight notwithstanding the fact that plaintiff does not reside in the forum nor did the cause of action occur there. The Supreme Court invalidated forum selection clauses in contracts where those clauses conflict with FELA. See Boyd v. Grand Trunk W. R.R. Co., 338 U.S. 263 (1949) (invalidating a forum selection clause requiring suit to be commenced in the district where injuries were sustained or where plaintiff resided at the time of injury because the clause conflicted with FELA). The Court noted that "[t]he right to select forum granted in [45 U.S.C. § 56] is a substantial right." Id. at 266.

Boyd is distinguishable, however, from any case where defendant moved to transfer pursuant to Section 1404(a) due to the public or private balancing test of Jumara. Boyd merely held that a forum selection clause that removed a plaintiff's option to file suit in an otherwise

proper venue under FELA is necessarily invalid and cannot be grounds for a Section 1404(a) transfer.

This District is split as to whether Boyd changes the standard by which courts consider Section 1404(a) motions in FELA cases where the plaintiff neither resides in the forum nor sustained injury in the forum.  In Potrykus v. CSX Transp. Corp., 2009 U.S. Dist. LEXIS 14808 (E.D. Pa. Feb. 24, 2009), the court rejected the proposition that FELA cases use a different standard when considering whether transfer is appropriate.  The opinion expressly rejected applying Boyd in that way and transferred the case to the Northern District of Ohio after the defendant demonstrated a significant burden should the case be tried in the Eastern District of Pennsylvania.

Conversely, the court denied a motion to transfer the case to the Northern District of Virginia in Abbott v. CSX Transp. Corp., 2008 U.S. Dist. LEXIS 78677 (E.D. Pa. 2008) - a case where neither the cause of action nor the plaintiff had significant ties to the forum.  Id.  In Szabo v. CSX Transp., Inc., No. 05-CV-4390, 2006 WL 263625 (E.D. Pa. Feb. 1, 2006) – a FELA case where plaintiff resided in Ohio and no operative facts took place in the Eastern District the court similarly denied a transfer motion to the Northern District of Ohio.  The court ruled that defendant failed to "definitively and unequivocally" make out "a clear case of convenience" required to transfer a FELA case.  Id. at *2.  Finally, in Askew v. CSX Transp., Inc., the court denied transfer in a FELA case where plaintiff filed in the Eastern District and neither resided there nor was injured there.  Askew v. CSX Transp., Inc., No. 05-CV-5915, 2008 WL 4347530 (E.D. Pa. Sept. 22, 2008).  In Askew, plaintiff resided in Michigan and suffered from carpel tunnel syndrome.  Plaintiff filed his action in the Eastern District of Pennsylvania and defendant moved to transfer to Michigan.  Id. at *1.  The court denied the motion because, although the

witnesses would be inconvenienced by traveling from Michigan to Pennsylvania, none were unable or unwilling to make the trip.  Id.  Furthermore, defendant failed to demonstrate a sufficient case to override the substantial weight afforded to plaintiff's forum choice in FELA cases.

Congress expressly disallowed removal in FELA cases filed in state court by enacting 28 U.S.C. § 1445.  In so doing, Congress expressed an implied intent to grant extra weight to plaintiff's choice of state or federal forum.  Seemingly, it would make sense to extend that deference to decisions on Section 1404 motions. Moreover, plaintiff was not given the right to file cases in her home forum by 45 U.S.C. § 56.  Thus, her decision not to file in her home state should not be held against her.

   c. **Venue Transfers between Third Circuit Districts**

Regardless of whether a district court grants substantial weight to plaintiff's choice of forum, in cases where the requested forum is geographically close to the current forum, the district court should not consider convenience factors.  In Connors v. UUU Productions, Inc., *supra*, the court considered whether to grant a motion to transfer from the Eastern District of Pennsylvania to the District of New Jersey.  The opinion noted "[g]iven the proximity of the Eastern District of Pennsylvania and the District of New Jersey, factors related to the convenience of the parties or witnesses and practical considerations do not render one forum significantly more convenient than the other." Id. at *6.  The court went on to consider only the remaining factors and ultimately transferred the case to New Jersey after applying the balancing test.  See id. (noting the remaining factors as: plaintiff's and defendant's preferences, where the claim arose, local interest, and familiarity of the judge with the applicable law).  The decision

hinged upon the District of New Jersey being more capable of applying New Jersey state law to the contract dispute at issue.

In McMillan v. Weeks Marine, Inc., No. 02-CV-6741, 2002 WL 32107617 (E.D. Pa. Aug. 14, 2002), the court transferred a case to the District of Delaware because the only connection to the Eastern District was the location of plaintiff's attorney.  The case was between a citizen of Delaware and a defendant whose principal place of business was New Jersey and involved ships in Maryland which was closer to Delaware.  Moreover, the defendant did not have a significant physical presence in the Eastern District.  Id. at *2.

## DISCUSSION

Here, the threshold issue is (a) whether the Eastern District of Pennsylvania is a proper forum; and then (b) whether the District of Delaware would have been proper if the case were originally brought there.  Both the Eastern District of Pennsylvania and the District of Delaware qualify as proper venues for this action because the cause of action arose in Delaware and Defendant does substantial business in the Eastern District of Pennsylvania.  See 45 U.S.C. § 56.  Of note, however, Defendant incorrectly frames the venue argument noting Delaware is proper pursuant to 28 U.S.C. § 1391 (b), (c) – the general venue statute.  The correct venue statute for FELA claims is 45 U.S.C. § 56 which provides both district courts as proper venues.  Importantly, Defendant's argument that the District of Delaware is a more appropriate venue because Plaintiff resides therein is misplaced.  Plaintiff's residence is irrelevant to a venue determination under Section 56.

Both briefs spend substantial time focusing on the convenience element to venue transfer.  As noted in Connors, *supra*, the proximity of the Eastern District of Pennsylvania to the District of Delaware renders the difference in convenience negligible.  See Connors, 2004 WL 834726, at

*6. Thus, the Court looks only to the remaining factors:  (1)Plaintiff and Defendant's preference; (2) where the cause of action arose; (3) local interest in deciding local controversies; and (4) familiarity of the judge with the applicable law.

The Court need not rule on whether FELA provides Plaintiff's choices of venue with more deferential weight because even if FELA has no effect, Defendant failed to demonstrate that the balancing test favors transfer.  Defendant overstates its position by stating that Plaintiff's choice is worthy of no deference under the circumstances.  See Def. Br. In Support of Motion for Transfer of Venue, at 8.  With regard to venue, Defendant indicated a preference for the District of Delaware.  Nevertheless, Defendant failed to persuasively argue that hearing the case in the Eastern District imposes any kind of hardship.  Plaintiff has the right to choose venue and Defendant cannot usurp that right purely by expressing a preference to litigate anywhere but where Plaintiff chooses.

Defendant correctly points out that the injury occurred in Delaware and Delaware possesses the local interest in deciding local controversies.  However, FELA grants Plaintiff the right to file the case in one of three locations: (1) where Defendant resides; (2) where the injury occurs; and (3) where Defendant does business.  If defendants in matters such as this could transfer venue whenever plaintiff filed a case in a forum other than where the injury occurs by arguing that both the injury and local interest in adjudicating such injuries trump plaintiff's forum choice, plaintiff's choice becomes meaningless.

Lastly, the familiarity of this Court with the applicable law does not support transfer of the case.  The applicable statute is a federal law and therefore, the District of Delaware is not in a superior position to hear such a case.

**CONCLUSION**

      The right to choose venue is traditionally held by the plaintiff.  When a defendant moves to transfer to a geographically nearby venue, the ability to argue inconvenience is lost.  Without ruling whether FELA cases necessarily grant more weight to Plaintiff forum choice, the Court will deny the motion as Defendant has failed to show that the non-convenience related factors balance in favor of transfer.

      Additionally, Defendant's unexplained one-year delay between filing of the action and this motion lends some weight to the notion that transfer in this instance would unduly delay trial in this matter.  Such a delay is inefficient and strengthens the conclusion reached here.  Accordingly, Defendant's motion is denied.  An appropriate Order follows.